## McCuaig *v.* The Board of Commissioners of White County.

Soldier's Bounty.—*Statute.*—In October, 1864, to avoid an impending draft to fill the quota of soldiers required from White county under a call of the President, the county commissioners made an order for the payment of four hundred dollars to each volunteer accepted and credited on the quota of said county, conditioned that none of the appropriation should be expended unless the entire number required from said county should volunteer and be accepted. The effort to procure a sufficient number of volunteers failed, and a draft took place. A. was drafted, and having furnished a substitute, he sued the county for four hundred dollars.

*Held,* that he could not recover. The county commissioners had the right to name the condition on which they would pay bounties, and their order did not embrace drafted men or substitutes. The act of March 3d, 1865, did not attempt to change the terms of the orders of boards of county commissioners making appropriations, but only gave them validity so far as they had attempted to go.

From the White Circuit Court.

*A. W. Reynolds, S. A. Huff,* and *B. W. Langdon,* for appellant.

*D. Turpie, H. D. Pierce,* and *R. Gregory,* for appellee.

Downey, J.—This was a claim filed by the appellant before the commissioners, and there disallowed. He then appealed to the circuit court, where there was a like decision. He then appealed to this court, where he has assigned as error the action of the circuit court.

The facts of the case are few. After the last call of the President of the United States for three hundred thousand troops, and on the 24th day of October, 1864, the commissioners made and entered on their minute book an order which,

with its caption, as found in the record now before us, reads as follows:

"SPECIAL SESSION, October 24th, 1864.

"Be it remembered that at a special session of the Board of Commissioners of White County, Indiana, begun and held at the auditor's office, in the court-house, in the town of Monticello, on the 24th day of October, A. D. 1864, convened in pursuance of a call issued by the auditor of the county, for the purpose of devising ways and means of filling the quota of men assigned to White county under the present call of the general government, to fill which a draft is about to take place, there were present George Cullen, Ansel M. Dickinson, and James Hays, commissioners, and Thomas Bushnell, auditor of said county, when the following proceedings were had, viz.:

"In the matter of the payment of a county bounty to volunteers.

"It is ordered by the board that an appropriation of four hundred dollars for each and every man required to fill the quota at the present time assigned to this county be made, and that bonds be prepared by the county auditor, of denominations of twenty-fives, fifties, hundreds, and five hundreds, to be executed and placed in the hands of the county treasurer, who shall deliver the same to such parties as shall purchase the same; and it is further ordered that the rate of discount shall not exceed eight per cent. upon said bonds, and that they shall be made payable in one, two, and three years after date, with interest thereon at the rate of six per cent. per annum; and it is further ordered that where it shall be made to appear that a sufficient amount of money has been raised upon said bonds to secure the full quota of men assigned to and due from this county, and that the full quota of men has also been secured and duly mustered into the service of the United States, and duly credited to the several townships of the county, then, and not till then, shall the county auditor draw his order upon the county treasurer for the payment of the said sum of four hundred dollars to each and every soldier who has been so

mustered and accredited, to this county to fill the quota now assigned to this county, and to no other; and it is expressly ordered that the said payments shall only be made to the men necessary to fill the residue of the quota, and shall not extend to any man who has already volunteered or been accredited to this county.

"It is further ordered that Calvin Spencer, Austin Ward, Henry Little, John B. Bunnell, Anderson Irion, Wm. G. Porter, Wm. R. Davis, L. H. Jewett, George Grant, John E. Hughes, and Isaac Bare, be and they are hereby appointed to negotiate the aforesaid bonds, and that Thomas B. Davis, Robert W. Sill, and Solomon Hays be and they are hereby appointed to negotiate for and secure volunteers to fill the quota of the county."

The necessary number of men not having been obtained, the draft took place on the 23d day of December, 1864, and the appellant was drafted. On the 14th day of January, 1865, he furnished a substitute, who was received and mustered into the military service of the United States, as one of the number of men required from one of the townships in White county.

The claim of the appellant in this case is for the amount of four hundred dollars, which he claims under the order of the commissioners which we have copied. The object of the bounty offered was to prevent the draft, and not to pay bounties to men who might be drafted. This, we think, is quite clear from the terms of the order. Counsel for the appellant refer us to *Miller* v. *The Board of Commissioners, etc.,* 29 Ind. 75, as an authority in support of their position. But in that case the order of the board of commissioners provided for the payment of the bounty to the persons who should furnish a substitute. The order of the board of commissioners in that case was so different from the order made in this case, that the ruling in that case can not be an authority in this. It is not a question here, whether the act of March 3d, 1865, extends to and makes valid appropriations made by the board to pay bounties to drafted men or their substitutes, or not; but the question

is, whether the order of the board included drafted men at all or not. The law did not attempt to change the terms of the orders making appropriations by the boards of commissioners, but only gave them validity so far as they had attempted to go. The order of the board in this case being confined to volunteers, the appellant can not claim under it on account of having been drafted and having furnished a substitute.

The judgment is affirmed, with costs.